■ WILLIAMS INDUSTRIES, INC., Respondent, v A.P.S. MANHATTAN, DIVISION OF ALPHANUMERIC, INC., Defendant, and ALPHANUMERIC, INC., Appellant. — Order, Supreme Court, New York County (Gomez, J.), entered December 1, 1981, granting plaintiff's motion for summary judgment and denying defendant's cross motion for that relief, unanimously modified, on the law, and plaintiff's motion denied, without costs. Plaintiff is directed to serve a complaint within 20 days after service of a copy of the order to be entered hereon. The action will then proceed in accordance with the provisions of the CPLR. Plaintiff Williams Industries, Inc., brought this motion for summary judgment in lieu of complaint upon an Indiana judgment in the sum of $10,495.47 against A.P.S. Manhattan, Division of Alphanumeric, Inc. (Division). Defendant Alphanumeric, Inc., cross-moved for summary relief. Plaintiff effected service upon Division through the Indiana Secretary of State. The summons was mailed by the secretary to Division at 1345 Avenue of the Americas in Manhattan. However, an answer was served in the Indiana action by A.P.S. Manhattan Corporation (Manhattan) rather than by Division. Moreover, plaintiff's attorney in the Indiana action forwarded a letter to Manhattan rather than to Division. The interrogatories were also captioned with the name of Manhattan rather than that of Division. Mitchell E. Goldstone, the president of defendant Alphanumeric, Inc. (Alphanumeric), states that Alphanumeric was not served with process in the Indiana action. He further avers that plaintiff sued in that action for goods sold and delivered. Goldstone denies that Alphanumeric ever purchased any goods from the plaintiff. Upon this state of the record, summary judgment must be denied. Plaintiff has not shown that Division is part of Alphanumeric or that Division and Alphanumeric should be treated as one and the same entity. Moreover, plaintiff has not submitted any documentation to indicate the firm to which it actually sold the goods. Finally, no specific evidence is submitted by the plaintiff to establish who accepted the summons mailed by the Indiana Secretary of State. Plaintiff must demonstrate that an authorized representative of Alphanumeric accepted such service. It is possible that service was made upon Manhattan, a corporate entity allegedly distinct from Alphanumeric. Since factual issues exist with regard to all the points discussed above, both the motion and cross motion must be denied. Plaintiff is directed to serve a complaint within 20 days after service of a copy of the order to be entered herein. The action will then proceed in accordance with the provisions of the CPLR. Concur — Murphy, P. J., Kupferman, Sandler, Asch and Kassal, JJ.

■ ARNOLD A. STEVENS, Appellant, v NEW YORK TELEPHONE CO., INC., Respondent. — Order, Supreme Court, New York County (Ryp, J.), entered on April 30, 1982, unanimously affirmed, without costs and without disbursements. The appeal from the order of said court entered on April 14, 1982, is unanimously dismissed as academic, without costs and without disbursements. No opinion. Concur — Murphy, P. J., Kupferman, Sandler, Carro and Kassal, JJ.